IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

KAMAL DORCHY GOODWIN           :
#281-693                                         Civil Action No. PJM-06-3067
     v.                                :

ROBERT KOPPEL, ACTING WARDEN   :

     and                              :

THE ATTORNEY GENERAL OF        :
THE STATE OF MARYLAND
                          o0o

## MEMORANDUM OPINION

Before the Court is a pro se 28 U.S.C. §2254 petition for writ of habeas corpus filed by Kamal Dorchy Goodwin, an inmate confined in the Maryland Correctional Institution, challenging the guilty plea he entered in 1998 in the Circuit Court for Howard County to armed robbery and use of a handgun in the commission of a felony. Respondents, Robert Koppel, Acting Warden of the Maryland Correctional Institution and Douglas F. Gansler, Attorney General of the State of Maryland, through counsel, have filed an answer seeking dismissal of the Petition as time-barred under 28 U.S.C. § 2244(d)(1)-(2). Petitioner has filed a reply in opposition.[1] No hearing is necessary. *See* 28 U.S.C. 2254(e)(2)**;** Rule 8(a), "Rules Governing Section 2254 Cases in the United States District Courts." The Petition is time-barred, and will be dismissed by separate Order.

**I. Procedural Background**

On December 2, 1998, Goodwin pleaded guilty to armed robbery and use of a handgun in the commission of a felony in the Circuit Court for Howard County. On February 11, 1999, the

---

[1] The Court has also reviewed the correspondence filed by Joseph Murtha, Esq., which was submitted as a supplemental exhibit to Goodwin's reply.

Circuit Court imposed a twenty-year sentence for armed robbery with a consecutive five years for the handgun offense. Proceeding pro se, Goodwin filed for leave to appeal the entry of his plea. Counsel later filed a supplement to the application for leave to appeal. By unreported opinion filed on January 7, 2000, the Court of Special Appeals of Maryland summarily denied the application for leave to appeal. The mandate issued on February 8, 2000.

On April 1, 2005, Goodwin filed a petition for post-conviction relief in the Circuit Court for Howard County. On October 7, 2005, the Circuit Court conducted a hearing on the petition. On January 5, 2006, the Circuit Court denied post-conviction relief. Subsequently, Goodwin filed an application for leave to appeal the state post-conviction court's denial of relief. By unreported opinion filed May 18, 2006, the Court of Special Appeals of Maryland summarily denied the application for leave to appeal and the mandate issued on September 12, 2006. Goodwin filed the instant petition for federal habeas corpus relief on November 14, 2006.[2]

## II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging non-capital state convictions. *See* 28 U.S.C. § 2244(d).[3] This one-year period is tolled while properly filed

---

[2] For purposes of assessing the timeliness of the Petition, the Court deems it filed on the date it was signed and assumed delivered to prison officials for mailing. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

[3]   This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

2

post- conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Under these facts, there were no state post-conviction or other collateral proceedings pending between: 1) February 8, 2000 and April 1, 2005 (more than five years) and  2) September 12, 2006 and November 14, 2006 (two months).  This period far exceeds the one-year limitations period and the Petition was therefore untimely filed.

## III.  Equitable Tolling

In order to be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by a respondent contributed to the delay or circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339  F.3d 238, 246 (4th Cir. 2003); *Harris*, 209 F.3d at 330.

---

> seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.

Goodwin proffers that his mental illness warrants equitable tolling of the limitations period. Equitable tolling is appropriate only in exceptional circumstances of profound mental incapacity. *See United States v. Sosa*, 364 F. 3d 507, 513. (4th Cir. 2004). A mental condition that burdens but does not prevent a petitioner from filing a timely habeas petition does not amount to an extraordinary circumstance warranting equitable tolling. *See United States v. Harris*, 268 F. Supp. 2d 500, 506 (E.D. Pa 2003). While mental illness may form the basis of an equitable tolling argument, "without a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights," the claim is insufficient to justify equitable tolling. *Boos v Runyan*, 201 F. 3d 178, 185 (2d. Cir. 2000). Goodwin fails to particularize the nature of his mental illness or explain why it caused him to delay filing the Petition for more than five years after the statute of limitations had expired. Without more, there is no basis for equitable tolling.

Goodwin also argues for equitable tolling between February 26, 1999, and February 11, 2004, the period during which his application for review of sentence was pending. Defendant argues that this proceeding did not toll the running of the limitations period. As Defendant notes, even if this proceeding were to have tolled the limitations period, the federal petition remains untimely because the petition for state post-conviction relief was not filed until April 1, 2005.

Lastly, Goodwin appears to argue that his efforts to exhaust state remedies caused him to file late. While this argument suggests Petitioner might not have understood how the limitations period is calculated, lack of familiarity with the law does not warrant equitable tolling. *See Sosa*, 364 F.3d at 512 .

For these reasons, the Court will dismiss the Petition as time-barred.  A separate Order consistent with this Memorandum Opinion follows.

February 21, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE